**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

FORRESTER CONSTRUCTION     *
COMPANY,     *
     *
     Plaintiff,     *
     *
v.     *     Civil Action No. PJM 05-1734
     *
HARTFORD FIRE INSURANCE     *
COMPANY,     *
     *
     Defendant.     *

**<u>MEMORANDUM OPINION</u>**

I.

Plaintiff Forrester Construction Company (Forrester), a Maryland corporation, has sued Hartford Fire Insurance Company (Hartford), a Connecticut corporation, for failure to honor its obligations under a performance bond issued by Hartford to assure the performance of Hartford's principal, Capitol Electric Construction Company, Inc. (Capitol), pursuant to a subcontract between Forrester and Capitol for work on a construction project in New London, Connecticut. Hartford has filed a Motion to Transfer Venue to the United States District Court for the District of Connecticut or, in the Alternative, to Dismiss for *forum non conveniens*. Forrester opposes the Motion. For the following reasons, the Court will GRANT Hartford's Motion to Transfer. [1]

II.

Forrester entered into a construction contract with the United States Department of Navy to

---

[1]     Having granted Hartford's Motion to Transfer, its Motion to Dismiss the action on the basis of *forum non conveniens* is MOOT. Additionally, the Court will DENY Forrester's Motion to Strike Supplemental Affidavits.

construct an off-base housing facility for Navy personnel and their families proximate to the Navy's submarine base in Groton, Connecticut.  Forrester subcontracted with Capitol to perform electrical work for the project. Hartford issued a performance bond guaranteeing Capitol's performance under the subcontract, in the penal sum of $448,400.00.

Forrester alleges that Capitol failed to fully perform and defaulted.  Hartford submits that during construction, the Navy alleged that the housing facility was infested by mold and required Forrester to remediate the problem. Forrester in turn alleges that Capitol delayed completion of the project and that the delay caused the mold infestation. Forrester also alleges that Capitol did not complete its work on the construction project.

Forrester submitted a claim to Hartford under the performance bond seeking reimbursement of its direct costs in completing Capitol's unfinished work, its costs for mold remediation, and compensation for overhead and lost profit incurred as a result of the mold remediation.  Forrester asks an amount equal to the full penal sum of the bond because its damages allegedly exceed $448,400.00.

Hartford requests that this case be transferred to the United States District Court for the District of Connecticut, *inter alia*,  for witness convenience and to be near the locus of the operative facts and the relevant documents and sources of proof.  Forrester opposes the Motion, arguing that Hartford has not met its burden of demonstrating the propriety of a transfer.

### III.

"For the convenience of parties and witnesses, in the interests of justice," a district court may transfer an action "to any other district division where it might have been brought." 28 U.S.C. § 1404(a).  The burden to demonstrate the propriety of a transfer rests upon the party seeking it.  *See*

*Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994). "In addressing a motion to transfer filed pursuant to § 1404(a), a court must consider a number of factors[,] including the private interests of the litigants, the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 465 (D. Md. 2001) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "Other important factors include the convenience of the parties, the interests of justice, and the advantage of having local issues of law and fact determined by local courts and juries." *Id.* The court should defer to a plaintiff's forum selection "unless there are factors of convenience sufficiently important to the parties and the court to occasion denying him that choice." *Id.* (citations omitted.); *see also Dicken*, 862 F. Supp. at 92.

IV.

While a plaintiff's choice of forum is ordinarily accorded considerable weight, "the plaintiff's choice of forum is given little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy." *Mims v. Proctor and Gamble Distributing Co.*, 257 F. Supp. 648, 657 (D. S.C. 1966); *see also Chedid v. Boardwalk Regency Corp.*, 756 F. Supp. 941, 945 and n.5 (E.D. Va. 1991). In this case, the cause of action arises from the alleged failure of Hartford to pay Forrester's damages stemming from Capitol's nonperformance and deficient performance under the subcontract. All relevant facts concerning Capitol's failure to perform and Hartford's liability occurred in Connecticut. Though it appears, as alleged by Forester, that the subcontract was negotiated, drafted and executed in both Maryland and Connecticut, the existence and enforceability of the subcontract

does not appear to be at issue.  Rather, the disputed factual issues in this case center around Capitol's alleged deficient performance and the reason for the delay in the construction of the Navy housing facilities which resulted in mold growth, as well as the damages, if any, Forrester incurred as a result.

V.

A second factor supporting transfer is access in the transferee-forum to crucial witnesses and the convenience of these witnesses.  In fact, the convenience of potential witnesses is "[p]erhaps the most important factor to be considered by a court in passing on a motion to transfer." *Cronos Containers*, 121 F. Supp. 2d at 466.  *See also Roby v. General Tire & Rubber Co.*, 500 F. Supp. 480, 484-85 (D. Md. 1980). In this case, Forester has only identified OP.X (designer of record), United States Army Community and Family Support Center (contracting officer), and Brent Kynoch (an independent industrial hygienist who provided consulting regarding the mold growth) as witnesses based either in Maryland, or in the District of Columbia or Virginia and within the subpoena power of the Court. [2]  Forrester's first two witnesses apparently would testify about the design for the housing facilities or the terms of the contract between the Navy and Forrester, but these facts are really not at issue in this case.  The only arguably relevant witness cited by Forrester is Brent Kynoch, the independent mold consultant, and there is no evidence in the current record that he would be averse to testifying outside of Maryland.  Since this case involves construction issues and events occurring at the Connecticut construction site, the more critical testimony would be that of Jason Moore (Capitol's president), GDS Contract Corporation (the onsite mold remediation

---

[2]     Forrester also identifies John Ascani (Forrester's former project supervisor), certain employees of the Naval Exchange Service Command (facilities owner and operator), and Jason Moore (President of Capitol) as potential third party witnesses but admits that they are not located in either District nor are they within the subpoena power of either district court.

subcontractor) and other site knowledgeable witnesses, including Navy supervisory personnel. These are the individuals who can speak to the reasons for the delay on the construction site and the alleged deficiency of Capitol's work. Since these individuals (and their records regarding the construction project) are located in Connecticut and cannot be compelled to testify in this District, Connecticut is the most convenient and appropriate venue for this litigation.

VI.

The relative convenience of the parties is also a relevant transfer factor. "[T]his factor is chiefly operative in cases where the plaintiff chooses a forum away from (either party's) home." *Baylor Heating*, 702 F. Supp. at 1259. Since in the present case, Forrester has filed in its home forum, transfer to Connecticut would "only shift the balance of inconvenience from defendant(s) to plaintiff." *Id.* at 1259-1260. On the other hand, in contrast to the convenience of the liability witnesses, Forrester would not appear to be substantially inconvenienced by a transfer. Quite obviously Forrester was able to travel to the District of Connecticut in the first place to complete a large construction project over an extended period of time. Moreover, from all that appears, Forrester's only Maryland-based non-party witness who might have to travel, Brent Kynoch, could easily present testimony at trial by means of a videotaped deposition taken in Maryland, if need be.

VII.

The broad category often referred to as "interests of justice" includes, *inter alia*, "the court's familiarity with applicable law" and "access to premises that might have to be viewed." *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Cond., Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988). "It is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Id.*

5

A.

Under Maryland choice of law, contract disputes are governed by the law of the state where the contract is made, which is the place where the last act required to make a contract binding occurs. *Continental Cablevision v. United Broadcasting Co.*, 873 F.2d 717, 720 (4th Cir. 1989). Since the parties dispute the location of the last act, either Maryland or Connecticut, the Court declines to consider this factor as weighing in favor or against transfer.

B.

The core issue in this case will be the condition of the Navy housing facilities at the different points during construction and the damages (if any) caused by Capitol's alleged failure to perform. These facilities were, are and always will be located in New London, Connecticut. Quite possibly the case will warrant a viewing of the accident site by the finder of fact. Although photos or videotape of the *locus in quo* might suffice, an inspection of the premises may be preferable.

C.

All factors considered, the Court concludes that transfer of this case from the District of Maryland to the District of Connecticut is appropriate. Maryland has some interest in this case, to be sure, since Forrester is a Maryland corporation with its principal place of business here. But Connecticut, on the other hand, has an interest in making sure that public construction projects in its state go forward in orderly fashion. On balance, this tips the scale in favor of Connecticut, a conclusion that the case law confirms. *See, e.g.*, *CPC Intern., Inc. v. Northbrook Excess & Surplus Ins.*, 962 F.2d 77 (1st Cir.1992); *Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295 (5th Cir. 1963); *Hardaway Constructors, Inc. v. Conesco Indus.*, 583 F. Supp. 617 (D. N.J. 1983); *National Surety Corp. v. Robert M. Barton Corp.*, 484 F. Supp. 222 (W.D. Ok.1979).

Hartford has satisfied its burden of showing that transfer from Forrester's chosen forum to a more convenient forum is appropriate.

VIII.

For all of these reasons, pursuant to 28 U.S.C. § 1404(a), the Court will GRANT Defendant Hartford's Motion to Transfer Venue to the District of Connecticut.

A separate Order will issue.

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 15th, 2006